### KIDD v STATE

Ohio Appeals, 2nd Dist, Franklin Co

No 2348. Decided Nov 15, 1933

Jones & Jones, Columbus, for plaintiff in error.

Donald Hoskins, Prosecuting Attorney, Columbus, for defendant in error.

## OPINION

By BARNES, J.

Numerous errors are raised through the petition in error and these are discussed in the briefs. For convenience we shall endeavor to take up and dispose of the several claimed errors in the same order as presented in the brief of plaintiff in error.

Error is claimed in that the trial court did not conduct the examination of the jurors touching their qualifications to serve as such in the trial of the case, as is provided by §13443-10, GC. An examination of the bill of exceptions discloses that the court took very little part in conducting the examination, but that the Prosecuting Attorney or his assistant, on behalf of the State and counsel for defendant examined the jurors separately and at great length. No question was raised by counsel nor were any exceptions taken as to the method of impaneling the jury. We find no prejudicial error in this procedure.

Objection is also made that the prospective jurors were not sworn on their voir dire. Apparently this requirement of §13443-9 GC was overlooked and not complied with. Neither counsel for the State nor the defendant called the court's attention to this omission. In some instances the defendant did object to the court excusing prospective jurors on the request of the State, but at no time was request made that such prospective juror be sworn and examined under oath. There was every opportunity for counsel to call attention to this omission. Many rules of procedure may be waived and under the state of the record we have no difficulty in determining that since counsel did not request that the prospective jurors be sworn that the provision was waived.

Error is also urged as to the interrogation permitted by the Prosecuting Attorney of various prospective jurors. In a number of instances the Prosecutor made inquiry substantially as follows:

"If the evidence produced by the State of Ohio from this witness stand prove to you beyond a reasonable doubt that Miss Josephine Gordon came to her death as a result of the traffic violations of the defendant, which violations will be explained in their essence to you by the court, could you and would you vote for a conviction of manslaughter irrespective of what your personal opinion of traffic laws or traffic enforcements might be?"

Objection was made to this interrogation, overruled and the prospective juror permitted to answer. Objection is now raised that the question was limiting the evidence to that introduced by the State, and did not take into consideration any evidence that might be introduced on behalf of the defendant. To say the least, the language was not carefully selected in this interrogation. However, in examining the record we find that the trial court asked counsel for defendant as to their ground of objection and the objection then raised differs from that advanced at this time. At the time of the trial counsel was insisting that such question was requiring the jury to prejudge the case. It is very apparent that what counsel for the State was endeavoring to ascertain from the prospective juror was whether or not he or she held any preconceived notions about traffic laws and traffic regulations which would preclude them from voting a verdict of guilty if the death was directly caused by a violation of such. We have no doubt that if the court's attention had been called to the objection that is now raised a restatement of the question would have been required. It is not an unusual incident of the trial of a case for the court and counsel to say that the burden is upon the State to prove its case beyond a reasonable doubt. We doubt if anybody can take particular exception to such language, yet a strict analysis would suggest that the idea should be conveyed to the jury that they can only convict after considering all the evidence and guilt is then established beyond a reasonable doubt.

In fact, counsel for defendant fell into the same error of expression on page 2—43 of the record:

"And if you have a reasonable doubt as to whether the State has proved this man's guilt of every element of this offense you should give the defendant the benefit of that reasonable doubt."

We find in the record some 87 pages devoted to the impaneling of the jury. The jury box at all times had twelve individuals sitting therein. The jurors regularly heard not only the inquiries that were made to them but also to the others as they were called into the jury box. Counsel for the defendant in their inquiry cleared up any possible misapprehension that the jury might have had by the form of question propounded by the State.

The great tendency of the present day in court procedure is to get away from technicalities.

Another rule firmly engrafted, as it applies to procedure, is that counsel may not sit by and permit irregular procedure without objection. The duty rests with counsel to lend their aid in avoiding error, and if they do not so do it is waived. We find no prejudicial error in the selection and impaneling of the jury.

Another ground of error urged in the brief of counsel for defendant Kidd is misconduct of the Prosecuting Attorney in the cross examination of the defendant where the question was asked if he, Kidd, had not been previously convicted of the offense of operating an automobile while in a state of intoxication. The record at pages 248, 249 and 250 discloses the argument which took place between counsel and also certain questions asked by the court. The trial court asked that the Prosecutor pass to some further question and a ruling would be made on the objection later. The record discloses that nothing further was done. The prosecutor did not press the question further nor did counsel for the defendant press the court for a ruling. Apparently it was overlooked by counsel and the court. In the case of **Railway Company v Ellis, 13 C.C., 704,** in the 6th syllabus, the following announcement is made:

"Where evidence is received subject to objection and the further consideration of the court, its attention should, before the case is closed, be called to it by the party objecting, that the court may rule upon it and his exceptions noted, before the party may avail himself of the exception."

The brief urges that the Prosecutor was making the inquiry of the above character when in fact he had no evidence to substantiate conviction. The case of **Wagner v Ohio, 115 Oh St, 136,** is cited. The record in the instant case fails to present such a situation as was disclosed in the Wagner case, supra. We are unable to conclude that the Prosecutor was guilty of any misconduct.

We are referred to pages 189 and 190 of the record as to claimed misconduct of the trial court. The incident there disclosed is so trivial that we cannot conceive that there would be any injurious effect. It is our observation that the trial court was very fair and considerate at all times and very insistent that the rights of the defendant were preserved.

We find no merit in the objection raised as to the testimony of witness Weller. This witness made conflicting statements relative to the speed of defendant's automobile. This fact did not render the evidence inadmissible. The conflictions were for the consideration of the jury and would go to the weight.

It is now urged that the trial court erred in not charging the inclusive offense of assault and battery. So far as the record discloses no request was made to so charge, nor was any special exception taken to the general charge of the court.

A case very similar to the instant case will be found reported in **96 Oh St, 215, The State of Ohio v Schaeffer.** The sixth syllabus is in point and reads as follows:

"Where all the evidence clearly and conclusively shows that the unlawful act relied upon by the State directly caused the killing and there is no evidence to the contrary, the failure of the court to charge on assault or assault and battery is not error."

In the case of **Todor v The State of Ohio, 113 Oh St, 377,** on page 378 of the opinion, we find the following:

"An exception to the error of the court in not charging upon the subject of manslaughter was not saved by the general exception, and this court may not reverse the judgment of a trial court for error in failure to charge to which no exception has been taken."

The case of **State v McCoy, 88 Oh St, 447,** is cited in support of the above announcement.

The law is well defined at the present time in this state that the trial court should not charge the inclusive crimes unless the state of the record is such as to demand it.

We think the court was right in not charging assault and battery. Under the state of the record the defendant was either guilty of manslaughter or not guilty of any offense.

If the defendant unlawfully struck Miss Gordon and knocked her under the street car and she then received injuries by being run over or crushed by such car and from such injuries died, the defendant would be guilty of manslaughter. It would make no difference that the force of the blow from the automobile did not inflict the mortal wound. Of course, if the defendant did not hit her at all, as he claimed, then he should have been acquitted. The issue was fairly presented and the record adequately sustains the verdict.

Finding no error in the proceedings below the judgment is affirmed and the cause remanded for execution of sentence.

HORNBECK, PJ, and KUNKLE, J, concur.

## ON MOTION FOR REHEARING

Decided Nov 29, 1933

BY THE COURT

The above entitled cause is now being determined on application of plaintiff in error for a rehearing. The first ground for rehearing is stated as follows:

"First, the question of the weight of the evidence was not presented to the court on brief, nor discussed by the court in its opinion."

Following this, counsel discusses various phases of the evidence.

This court necessarily considered the weight and sufficiency of the evidence in sustaining the judgment of the trial court.

It was entirely a jury question and was properly submitted in the charge of the court. We find ample evidence to sustain the verdict.

The second ground is stated as follows:

"Second, The opinion of the court denies the plaintiff in error the right to have the jury consider the question of contributory or other negligence on the part of the decedent."

The case of **Jackson v State, 101 Oh St, page 152,** cited. The first syllabus reads as follows:

"1. To warrant a conviction of manslaughter, on account of the unintentional killing of a human being by the operation of a motor vehicle in violation of a valid statute, the violation of such statute must have been the proximate cause of death."

The charge of the trial court substantially complies with this provision of law. The application for rehearing will be denied.

HORNBECK, PJ, KUNKLE and BARNES, JJ, concur.